IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TONY CHISHOLM                                                                                              PETITIONER

VS.                                                                          CIVIL ACTION NO. 5:22-cv-43-KS-FKB

BURL CAIN, MDOC
Commissioner                                                                                              RESPONDENT

## REPORT AND RECOMMENDATION

Tony Chisholm is a state prisoner who seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent has filed a motion to dismiss the petition as untimely [11].  Chisholm has filed no response to the motion.  The undersigned recommends that the motion be granted and the petition dismissed with prejudice.

Chisholm was tried and convicted in June 2018 in the Circuit Court of Wilkinson County, Mississippi, of felony fleeing or eluding a law enforcement officer.  He was sentenced as a habitual offender to a term of five years. The Mississippi Court of Appeals affirmed Chisholm's conviction and sentence on April 7, 2020.  *Chisholm v. State*, 298 So.3d 1046 (Miss. Ct. App. 2020).  His motion for rehearing was denied on July 28, 2020.  Pursuant to Miss. R. App. P. 17(b), Chisholm had 14 days, *i.e.*, until August 11, 2020, in which to file a petition for a writ of certiorari with the Mississippi Supreme Court.  Chisholm never filed a petition for discretionary review.  His  § 2254 petition is deemed to have been filed with this court on or after May 24, 2022.[1]

---

[1] Under the mailbox rule, a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court. *Coleman v. Johnson*, 184 F.3d 401 (5th Cir. 1999).  Chisholm's petition was signed on May 24, 2022, and it was file-stamped by this court on June 13, 2022.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under § 2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Because Chisholm ended his appeal process by failing to seek discretionary review by the state supreme court within the 14-day period set forth in Miss. R. App. P. 17(b), his conviction became final on August 11, 2020, when his 14 days expired. *See* 28 U.S.C. § 2244(d)(1)(A); *see also Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Chisholm had one year from that date, or until August 11, 2021, in which to file for federal habeas relief, subject to tolling under § 2244(d)(2) for any period during which a properly-filed motion for post-conviction relief was pending in the state

2

court. Chisholm filed no motion for post-conviction relief by August 11, 2021.[2] Furthermore, he has neither alleged nor shown entitlement to the benefits of statutory or equitable tolling. Thus, his one year expired on August 11, 2021, and his federal petition, filed on or after March 24, 2022, is untimely.[3]

Accordingly, it is recommended that the motion to dismiss be granted and the petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy [4] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 26th day of April, 2023.

                                                         s/ F. Keith Ball
                                                         United States Magistrate Judge

---

[2] As Respondent points out in his motion, the records of the Mississippi Supreme Court reflect Chisholm has never sought post-conviction relief.

[3] On November 19, 2020, Chisholm filed in his appeal a document entitled "Motion for Acquittal." The Court of Appeals noted that the motion was filed in Chisholm's direct appeal after the mandate had issued (August 18, 2020), and it dismissed it for lack of jurisdiction. This improper motion does not extend or affect the date his conviction became final for purposes of § 2244(d)(1). *See, e.g., Jones v. Mississippi*, No. 4:14-cv-83-DMB-JMV, 2015 WL 631518 at *2 (N. D. Miss. Feb. 13, 2015) (untimely certiorari petition filed after mandate did not extend date of finality under § 2244(d)(1)(A)).

[4] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).